OPINION
City of Columbus/PNL Asset Management Company, L.P. ("PNL") has appealed the decision of the Ohio Board of Tax Appeals ("BTA") in which the true value of land leased by PNL was assessed at $3,360,000 for tax year 1997 and at $3,420,000 for tax year 1998. The land and an associated office building is located within the city of Columbus at 400 East Town Street. The city of Columbus owns both the land and the office building situated on it, both having been conveyed to the city from the state of Ohio in 1986.
PNL has set forth a single proposition of law for our review:
 Where the BTA reviews a determination of a county board of revision with regard to a real property valuation of property which is both partly taxable and partly exempt, the BTA has a duty to delineate the taxable vis a vis nontaxable portion.
In its brief, PNL summarizes the issue as being "* * * whether an intangible or at best an equitable interest in property owned by a municipal corporation * * * can be taxed to the holder of the intangible. * * *"
In response, counsel for the Board of Education of the Columbus City School District ("Columbus Board of Education") has pointed out that the portion of the land used as a park is exempt from tax. However, the Columbus Board of Education has asserted that the portion of land used as commercial property is not tax-exempt and that 6.944 acres from the property which is used as a park is not involved in the valuation being contested here.
The record before us supports the assertion that the tax-exempt portion of the property, namely the park, was excluded from the tax valuation. The BTA was not required to assign a valuation to the exempt portion, but only to the taxable portion. The BTA did this. As a result, the BTA committed no error as suggested by the proposition of law.
In its brief and before the BTA, PNL argued that because it paid only $2,000,000 for the rights it received with respect to 400 East Town Street, the value of what it received should be assessed as $2,000,000. The BTA carefully analyzed the minimal evidence before it and rejected the argument presented by PNL. The property at 400 East Town Street is worth more than the rents and rights acquired under the lease.
PNL also argues that the BTA had a duty to separate the value of the leasehold interest PNL has with the city of Columbus from the true value of the land. We do not believe that the BTA has a duty to make this subdivision. Instead, the Franklin County Board of Revision and the BTA had only a duty to assess the true value of the land as a whole. Allocation of the obligation to pay the real estate taxes on the true value of the real estate could occur as a matter of contract between the lessor and the lessee.
In short, the BTA acted legally and correctly in its assessment of value for tax years 1997 and 1998.
We therefore affirm the action of the BTA.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.